585 F.Supp. 261 (1984)
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1439, AFL-CIO and McMahon, Eugene, Plaintiffs,
v.
UNION ELECTRIC COMPANY, Defendant.
No. 82-1766C(3).
United States District Court, E.D. Missouri, E.D.
April 17, 1984.
*262 Bruce S. Feldacker, St. Louis, Mo., for plaintiffs.
Charles G. Siebert and Mark D. Sadow, St. Louis, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
It is disturbing to the Court when employers seek to inject the Court into matters concerning injunctions and temporary restraining orders when labor unions exercise their lawful right to strike and picket. It is equally disturbing to the Court when labor unions, through statutory construction, seek to interject the Court into issues more properly confined to collective bargaining.
In the instant case, plaintiffs seek to challenge an employee benefit provision that disallows employees over forty years of age from purchasing additional life insurance. Plaintiffs argue this provision is a violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq.
The subject of extending life insurance benefits for employees over age forty had previously been a topic for collective bargaining, and was apparently abandoned. A nonjury trial was held on December 19-20, 1983.

Findings of Fact
1. Plaintiff, Local 1439, AFL-CIO, International Brotherhood of Electrical Workers (IBEW), is a labor organization representing over 1400 of defendant's employees and is the primary union of three IBEW locals representing a bargaining unit composed of approximately 1600 of defendant's employees. The union bi-annually negotiates a collective bargaining agreement with the company governing the terms and conditions of employment for these employees. The parties have had a collective bargaining relationship since at least 1946.
2. Plaintiff, Eugene McMahon, is a resident of the County of St. Louis, State of Missouri, and an employee of defendant, Union Electric Company. McMahon is a member of the bargaining unit represented by Local 1439.
3. Defendant, Union Electric Company, is a Missouri corporation employing over XXXX-XXXX employees and a public utility engaged in an industry affecting commerce, primarily engaged in the generation and distribution of electrical power in portions of Missouri, Illinois, and Iowa.
4. The employment benefits of these employees include contributory and voluntary non-contributory group life insurance under a policy maintained by defendant with General American Insurance Company (General American), a major nationwide life insurance company. The policy referred to is group policy G-5750 and it was issued in 1945. This policy is annually renewed and has been modified through the years. The policy does not and need not provide all of defendant's employees with similar benefits at similar costs to the participants.
5. In 1958, defendant substantially increased the contributory coverage available under the policy to all of its employees. In negotiating this increased contributory coverage, Local 1439 and Union Electric expressly agreed in a supplementary agreement dated September 10, 1958, to allow all employees to enroll for this optional benefit by November 1, 1958, or within sixty days of hire; but thereafter employees were permitted to obtain this benefit only if they were under age forty and could pass the insurance company's physical examination.
6. Plaintiff McMahon was an existing employee who elected not to purchase additional insurance. He signed a written document in 1958 acknowledging that he wished to freeze his contributory coverage at the present level of $6,000.
*263 7. At defendant's request and with Local 1439's acquiescence, this age limitation was written into the policy in terms applying to all participants. Defendant has annually renewed this insurance contract with this age limitation every year from that time to the present.
8. This age limitation does not apply to rehired employees who chose not to elect full contributory coverage prior to age forty while previously participating in the plan, if they seek full coverage within sixty days of their rehire.
9. Defendant is not required by any other person to maintain this age limitation in the insurance plan or to enforce it in this manner.
10. In 1981, during collective bargaining negotiations with defendant, Local 1439 proposed deletion of the age forty limitation from this benefit plan and attempted to find ways of meeting problems arising from the possible impact of age upon this proposed deletion. Union spokesman John Durham asked the company for an estimate of the cost of eliminating the age forty restriction. He was given high cost figures, so he inquired about mechanisms for shifting a portion of this cost to the relatively small number of employees who would benefit from this improvement in the group life insurance plan. When defendant indicated its unwillingness to negotiate such an improvement, Durham proposed that these employees be allowed to purchase such coverage wholely at their own expense.
Factors going to the weight of Mr. Durham's testimony are as follows: the witness required excessive prompting by the plaintiffs' attorney; he was constantly forced to refer to union and company notes and memos; and plaintiffs' counsel found it necessary to resort to several series of leading questions.
11. Allegations to the effect that defendant failed or refused to deal with problems arising out of the age limitation contained in the employee benefit plan, including defendant's reluctance to provide figures estimating the cost of eliminating the age forty restriction, are more properly related to charges to be raised before the National Labor Relations Board as they deal with defendant's good faith bargaining rather than any statutory construction as alleged in the instant case.
12. On May 18, 1981, Local 1439 entered a new collective bargaining agreement with defendant which did not modify or delete this age limitation.
13. Plaintiff McMahon is an employee of defendant and was one of approximately 102 members of the bargaining unit represented by Local 1439 in March 1981 whom defendant regarded as ineligible to increase his contributory life insurance coverage because he was over age forty.
14. In July 1980, plaintiff McMahon adjusted his company pension plan to provide for his beneficiaries some of the additional protection against his death which he was ineligible to obtain under defendant's contributory life insurance plan. Defendant's retirement plan provides that if McMahon subsequently readjusts his retirement benefits, he will suffer a penalty in the amount of one percent of his accrued pension benefits for each year he has maintained alternate coverage for his beneficiaries.
15. After the 1981 negotiations concluded, McMahon, by letter dated October 5, 1981, requested full contributory coverage. By letter dated October 12, 1981, defendant refused to send him the requested application because he was over age forty. At that time, he underwent a physical examination the results of which would have caused General American to accept him for full contributory insurance coverage if he had been permitted to complete the application procedure at that time.
16. Plaintiff McMahon filed an age discrimination charge with the EEOC against Union Electric on November 17, 1981. Local 1439 signed an EEOC charge of age discrimination against Union Electric on January 7, 1981. Both charges were based on the contention that the age forty provision constituted a violation of the ADEA. Both plaintiffs were notified by letters dated *264 March 22, 1982, of the EEOC's failure to conciliate these charges.
17. During the 1983 contract negotiations, which resulted in the parties' current contract in which IBEW Local 1439 acquiesced, Local 1439 again proposed that the age forty limitation be deleted from the unit's group life insurance plan. Defendant again refused to negotiate any modification of this age limitation.

Conclusions of Law
1. This Court has jurisdiction of the parties and of the subject matter of this proceeding under 29 U.S.C. § 626(b) and (c).
2. Plaintiffs McMahon and IBEW Local 1439 are aggrieved persons authorized to bring this action. 29 U.S.C. §§ 626(c), 630(a).
3. Defendant is an employer engaged in commerce within the meaning of 29 U.S.C. § 630(b) and (g) and is a proper party defendant in this action.
4. The age forty provision complained of falls within the scope of 29 U.S.C. § 623(a).
5. Defendant is entitled to the exemption set forth in 29 U.S.C. § 623(f)(2) if it proves that the challenged actions were done in observance of the terms of a bona fide employee benefit plan which is not a subterfuge to evade the purposes of the ADEA.
6. The plan is a genuine and authentic plan, providing substantial benefits. As such, it meets the "bona fide" requirement of the statutory exception. Jensen v. Gulf Oil Refining & Marketing Co., 623 F.2d 406, 413 (5th Cir.1980).
7. The plan, initially implemented in 1958, is not a "subterfuge" to avoid the purposes of the ADEA. Id.; Crosland v. Charlotte Eye, Ear and Throat Hosp., 686 F.2d 208, 213 (4th Cir.1982); Alford v. City of Lubbock, Tex., 664 F.2d 1263, 1271 (5th Cir.), cert. denied, 456 U.S. 975, 102 S.Ct. 2239, 72 L.Ed.2d 848 (1982).
8. United Air Lines v. McMann, 434 U.S. 192, 98 S.Ct. 444, 54 L.Ed.2d 402 (1977) is relevant in discerning the availability of the § 623(f)(2) exemption in the instant case, despite the effect of the 1978 amendments to § 623(f)(2). See Crosland v. Charlotte Eye, Ear and Throat Hosp., supra at 213; Alford v. City of Lubbock, Tex., supra.
9. Pertinent excerpts of the legislative history of the exemption provided in 29 U.S.C. § 623(f)(2) are set out in United Air Lines v. McMann, supra, as well as in Alford v. City of Lubbock, Tex., supra. Included are Senator Javit's concerns which are particularly relevant in the instant case in light of the fact the age forty limitation had been a topic of collective bargaining.
... the age discrimination law should not be used as the place to fight the pension battle but that we ought to subordinate the importance of adequate pension benefits for older workers in favor of the employment of such older workers and not make the equal treatment under pension plans a condition of that employment.
United Air Lines v. McMann, supra 434 U.S. at 200, 98 S.Ct. at 448.
10. The Court gains further insight from comments of Senator Yarborough, majority manager of the ADEA bill:
Say an applicant for employment is 55, comes in and seeks employment, and the company has bargained for a plan with its labor union that provides that certain moneys will be put up for a pension plan for anyone who worked for the employer for twenty years so that a 55-year-old employee would not be employed past 10 years. This means he cannot be denied employment because he is 55, but he will not be able to participate in that pension plan because unlike a man hired at 44, he has no chance to earn 20 years retirement. In other words, this will not disrupt the bargained-for pension plan.
Id. at 202, 98 S.Ct. at 449 (emphasis in original) (citations omitted).
11. Having found defendant is entitled to the exemption provided in 29 U.S.C. *265 § 623(f)(2), this Court finds in favor of the defendant and against plaintiffs.
12. In light of the foregoing, plaintiff McMahon's additional request for damages sustained as a result of an adjustment made in his pension plan because he was ineligible to increase his benefits under the contributory life insurance plan is similarly denied.