**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 1439, AFL–CIO, and Eugene McMahon, Appellants,**

v.

**UNION ELECTRIC COMPANY, Appellee.**

No. 84–1635.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1985.

Decided May 15, 1985.

Rehearing Denied June 21, 1985.

Linda Krueger MacLachlan, St. Louis, Mo., for appellants.

Charles G. Siebert, St. Louis, Mo., for appellee.

Before HEANEY and BRIGHT, Circuit Judges, and HANSON,* District Judge.

HEANEY, Circuit Judge.

The International Brotherhood of Electrical Workers, Local 1439, AFL–CIO (the Union) and Eugene McMahon, sued the Union Electric Company (the Company), alleging that the Company's employees' contributory group life insurance policy violated the Age Discrimination in Employment Act. (ADEA), 29 U.S.C. § 621 *et seq.* After a bench trial, the district court entered judgment in favor of the Company, and the Union appealed. 585 F.Supp. 261 (E.D.Mo. 1984). We affirm.

Since 1960, the Company has maintained a group life insurance plan for its employees which offers them optional coverage in

---

* The Honorable William C. Hanson, United States Senior District Judge, for the Northern and Southern Districts of Iowa, sitting by designation.

an amount equal to twice their salaries if they elect to enroll in the plan. The plan provides that employees are eligible to enroll after fifteen days of continuous employment with the company if they apply for coverage when hired. If they do not apply initially, employees may apply during their first sixty days on the job. Thereafter, applications will be approved only if the employee is under age forty and shows acceptable evidence of insurability. The premium for all employees under the plan is a level premium of $ .35 per thousand dollars of coverage per month, with the employer paying the balance of the premium for each employee. Because the plan functions on standard actuarial principles, as participating employees grow older their premiums rise and so does the Company's share of the premium.

In its action against the Company, the Union alleged that the maintenance of the arbitrary age ban under the plan violated ADEA.[1] We cannot agree. The ADEA makes it unlawful for an employer

> to * * * discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

29 U.S.C. § 623(a)(1).

Congress assisted the courts in interpreting the ADEA by setting forth its findings and purposes. It declared that the ADEA was intended

to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment.

29 U.S.C. § 621(b).

Careful review of the eligibility provisions of the plan leads us to conclude that it does not constitute arbitrary age discrimination in employment or compensation. By providing all employees, regardless of age, with an opportunity to enroll in the plan when hired, and by setting a level premium schedule for employees under which the company picks up the rising premium increments as employees age, the plan complies with the provisions of the act. The forty-year old age cutoff in the eligibility provisions simply reflects adherence to sound actuarial principles; without the age cutoffs, older employees could opt into the plan at an advanced age (with a higher risk of claim) without having contributed to the premium pool through their younger low-risk years. We hasten to add, however, that the result of this appeal might well be different if the policy did not include the initial sixty-day open enrollment period for older employees or if the employees' share of the premium did not remain level over the life of the policy. These conditions are not present in this case, however, and do not affect our consideration.

---

**1.** At the outset we resolve the Company's defenses of limitations and standing. First, the Company argues that, because appellants knew of the plan's age provision in 1967 (when the ADEA took effect), this suit is untimely according to 29 U.S.C. § 626(d)(1), which requires as a prerequisite to suit that plaintiffs file charges of unlawful discrimination with the Equal Employment Opportunity Commission within 180 days of the unlawful practice. Because the Company's practice, if unlawful, was a continuing practice, we conclude that the relevant law for calculating the time period is the termination of the allegedly unlawful practice. *See EEOC v. Home Insurance Co.*, 553 F.Supp. 704, 712–13 (S.D.N.Y.1982) (under other limitations periods in the ADEA, "if the unlawful provision is eliminated, the employer is assured repose; if the provision is maintained, employer liability remains limited to terminations occurring within the applicable limitations period."). Because the Company is still maintaining the challenged age bar, the alleged violation is continuing and the Union's charges were timely filed under section 616(d)(1).

The Company also argues that the Union lacked standing to bring the action because 29 U.S.C. § 626(c) authorizes "any person aggrieved" to bring suit, and the Union is not a "person." We reject this argument on a simple consideration of the statute's definitional section: "person" means "one or more individuals, partnerships, associations, labor organizations, corporations, business trusts, legal representatives, or any organized groups of persons." 29 U.S.C. § 630(a). On the plain meaning of the statute, therefore, we conclude that the Union had statutory authorization to bring this action.

Accordingly, the judgment of the district court is affirmed.