EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
Plaintiff–Appellant,

v.

COUNTY OF ORANGE; Orange County Retirement Board,
Defendants–Appellees.

No. 87–5564.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1987.

Decided Jan. 27, 1988.

Mark S. Flynn, Washington, D.C., for plaintiff-appellant.

David G. Epstein, Santa Ana, Cal., for defendants-appellees.

Before TANG, WIGGINS and KOZINSKI, Circuit Judges.

WIGGINS, Circuit Judge:

The Equal Employment Opportunity Commission (EEOC) appeals from the district court's grant of summary judgment in favor of the County of Orange (County) and its Retirement Board (Board) in an action brought under the Age Discrimination in Employment Act (ADEA or Act). 29 U.S.C. §§ 621–634. We affirm.

## FACTS

The Orange County Retirement System is organized under the County Employees Retirement Law of 1937. *See* Cal.Gov't Code §§ 31450–31898 (West 1968 and Supp. 1987). Pursuant to this statute, Orange County maintains two separate pension plans: a "Safety Member Plan" for public safety employees, and a less lucrative "General Member Plan" for all other County employees. The County, following a provision enacted in 1951, limits participation in the Safety Member Plan to persons who are under age 36 when hired as safety employees:

> [E]ach person not over 35 years of age when employed in a position, the principal duties of which consist of active law enforcement or active fire suppression ... shall become a safety member....

Cal.Gov't Code § 31558 (West 1968).[1]

EEOC filed suit against the County and the Board (as administrator of the Retirement System) alleging that the age–35 restriction on membership in the Safety Member Plan violated sections 4(a)(1) and (2), 4(e), and 4(f)(2) of the ADEA. *See* 29 U.S.C. §§ 623(a)(1) & (2), 623(e), 623(f)(2). The County and Board filed a motion for summary judgment. The district court dismissed the suit against the Board. The court then granted summary judgment for the County on the ground that the challenged plan was a bona fide benefit plan and not a subterfuge to evade the purposes of the ADEA, thus falling within the exception in section 4(f)(2) of the Act. *See* 29 U.S.C. § 623(f)(2).

1. The California legislature in 1986 amended this section of the statute to eliminate the age–35 restriction. *See* Cal.Gov't Code § 31558 (West Supp.1987). The County has not adopted this change.

## STANDARD OF REVIEW

This court reviews a grant of summary judgment de novo. *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986). We must determine, viewing the evidence in the light most favorable to the nonmoving party (EEOC), whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Ashton v. Cory*, 780 F.2d 816, 818 (9th Cir.1986).

## DISCUSSION

The ADEA broadly prohibits age-based discrimination in the workplace. Section 4(a)(1) makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age...." 29 U.S.C. 623(a)(1). On its face, the age–35 cap on enrollment in the County's Safety Member Plan violates this provision. The district court found, however, that the challenged provision, Cal.Gov't Code § 31558, fell within the exception in section 4(f)(2) which reads:

> It shall not be unlawful for an employer
> · · ·
> · · · ·
> (2) to observe the terms of a ... bona fide employee benefit plan such as a retirement, pension or insurance plan, which is not a subterfuge to evade the purposes of this chapter....

29 U.S.C. § 623(f)(2).

To qualify for exemption under section 4(f)(2), the County's retirement plan must fulfill four criteria: 1) it must be the sort of "plan" covered by the section, 2) it must be "bona fide," 3) the County's action must be in observance of the plan, and 4) the plan must not be a subterfuge to evade the purposes of the Act. *See EEOC v. Borden's, Inc.*, 724 F.2d 1390, 1392 (9th Cir.1984). Only the fourth criterion is in dispute. The County's retirement plan is the type of plan specifically mentioned in

the exemption. The plan is "bona fide" because it exists and pays substantial benefits. *See Marshall v. Hawaiian Tel. Co.*, 575 F.2d 763, 766 (9th Cir.1978). And no one disputes that the County followed its own policy, as defined by state law, in this case.

As to the fourth criterion, County argues that as a matter of law, its plan is "not a subterfuge" because it was enacted in 1951, twenty-three years before the Fair Labor Standards Amendments of 1974 applied the ADEA to state and local government. EEOC claims, on the other hand, that according to the Department of Labor's interpretation, the County must demonstrate the age restrictions are justified by significant age-related cost considerations.[2]

County relies upon *United Airlines, Inc. v. McMann*, 434 U.S. 192, 98 S.Ct. 444, 54 L.Ed.2d 402 (1977). In *McMann* the Supreme Court resolved a conflict among the circuits and held that section 4(f)(2) permitted involuntary retirement before age 65 under a bona fide employee benefit plan. *Id.* at 198, 98 S.Ct. at 448. The Court also held that a plan established prior to the passage of the ADEA in 1967 could not be a subterfuge to evade the purposes of the Act, rejecting any per se rule requiring an employer to show an economic or business purpose. The Court reasoned that "subterfuge" should be given its ordinary meaning: a "scheme, plan, stratagem, or artifice of evasion." An employer would need "remarkable prescience" to scheme to evade an Act passed many years after the implementation of a retirement plan. *Id.* at 203, 98 S.Ct. at 450.

Within months of the *McMann* decision, Congress amended section 4(f)(2) to overrule the central holding in *McMann* permitting involuntary retirement. EEOC claims that the legislative history of these 1978 amendments demonstrates that Congress overruled both *McMann*'s specific holding as to involuntary retirement *and* its conclusion that a benefit plan predating the Act cannot be a subterfuge. EEOC points to language from the Senate and Conference Committee Reports and remarks of prominent Congressmen expressing disagreement with the view that a plan could not be subterfuge if it was operative before the effective date of the act. *See* H.Conf.Rep. No. 95–950, 95th Cong., 2d Sess. 8, *reprinted in* 1978 U.S.Code Cong. & Admin.News 528, 529; S.Rep. No. 95–493, 95th Cong., 1st Sess. 10, *reprinted in* 1978 U.S.Code Cong. & Admin.News 504, 513; 124 Cong. Rec. 8218 (1978) (remarks of Senator Javits); 124 Cong.Rec. 7881 (1978) (remarks of Representative Hawkins).

Despite this broad language in the legislative history, the 1978 amendment to section 4(f)(2) only dealt with involuntary retirement provisions. Congress could have easily invalidated *McMann* entirely by altering the definition of subterfuge or by adding a requirement that discriminatory plans be justified by cost considerations. We presume that Congress adopted *McMann*'s definition of subterfuge when it reenacted 4(f)(2) without amending the subterfuge language. *Accord Lorillard v. Pons*, 434 U.S. 575, 581, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978); *Ward v. Commissioner*, 784 F.2d 1424, 1430 (9th Cir.1986).

Two courts that have directly addressed the issue agree that *McMann*'s definition of subterfuge remains valid after the 1978 amendments. *See EEOC v. Maine*, 644 F.Supp. 223, 226 (D.Me.1986), *aff'd mem.*, 823 F.2d 542 (1st Cir.1987); *International Bhd. of Elec. Workers, Local 1439 v. Union Elec. Co.*, 585 F.Supp. 261, 264 (E.D. Mo.1984), *aff'd*, 761 F.2d 1257 (8th Cir. 1985). Both the Fourth and Fifth Circuits

---

**2.** The ADEA originally gave the Secretary of Labor authority to issue rules and regulations necessary or appropriate for carrying out the Act. *See* 29 U.S.C. § 628. In 1969, the Department of Labor issued an interpretive bulletin on the ADEA. The bulletin stated that: "In general, a plan or plan provision which prescribes lower benefits for older employees on account of age is not a 'subterfuge' within the meaning of 4(f)(2), provided that the lower level of benefits is justified by age-related cost considerations." 29 C.F.R. § 860.120(d) (1986). This court is not bound by this interpretative regulation. We must consider whether the regulation represents a "reasonable construction" of the statute. *See Fmali Herb, Inc. v. Heckler*, 715 F.2d 1385, 1387 (9th Cir.1983).

have agreed in dicta. *See Crosland v. Charlotte Eye, Ear and Throat Hosp.*, 686 F.2d 208, 213 (4th Cir.1982); *Alford v. City of Lubbock*, 664 F.2d 1263, 1271 (5th Cir.), *cert. denied*, 456 U.S. 975, 102 S.Ct. 2239, 72 L.Ed.2d 848 (1982).

■ Therefore, because County adopted its retirement plan before the ADEA, under *McMann* it cannot be a subterfuge to evade the purposes of the Act. The fact that the plan was modified after the enactment of the ADEA does not change the result in this case. Although post-ADEA modifications may convert a benefit plan into a subterfuge, the modifications must be significant or at least relevant to the challenged discriminatory practice. *See EEOC v. Home Ins. Co.*, 672 F.2d 252, 259 and n. 9 (2d Cir.1982); *Smart v. Porter Paint Co.*, 630 F.2d 490, 495–96 (7th Cir. 1980); *Sikora v. American Can Co.*, 622 F.2d 1116, 1124 (3d Cir.1980). The changes to the Orange County retirement plan in 1970 and 1974 were insignificant to this action and did not convert the plan into a subterfuge.[3]

### CONCLUSION

As a matter of law, the County's retirement plan is not a subterfuge to evade the ADEA because it was enacted in 1951, twenty-three years before the ADEA was applied to state and local government. Therefore, the plan meets all the requirements of the "bona fide benefit plan" exception in section 4(f)(2) of the Act. We AFFIRM the district court's grant of summary judgment in favor of the County and its dismissal of the claim against the Retirement Board.[4]

---

**3.** The 1970 amendments added juvenile hall counselors to the list of safety employees. 1970 Cal.Stat. 809–10. The 1974 amendments exempted the marshal, assistant marshal, and active law enforcement personnel employed for at least ten years from the age–35 requirement. 1974 Cal.Stat. 266–67.

**4.** We express no opinion about the propriety of dismissing the claim against the Retirement Board based on the rationale that it is not an employer within the meaning of the ADEA. If the Board is an employer for ADEA purposes, it is entitled to summary judgment for the same reasons the County is.