**Paul Edgar ROBINSON,
Plaintiff–Appellant,**

v.

**COUNTY OF FRESNO and Fresno
County Board of Retirement,
Defendants–Appellees.**

No. 88–1826.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 1989.

Decided Aug. 16, 1989.

Katherine Hart, Fresno, Cal., for plaintiff-appellant.

J. Wesley Merritt, Fresno, Cal., for defendants-appellees.

Before WALLACE, TANG and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge:

Paul Robinson, a retiree from employment with the County of Fresno in California, appeals the district court's grant of summary judgment dismissing his claim against the County for age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1982 & Supp. V 1987). We must analyze the case in light of the Supreme Court's recent holding in *Public Employees Retirement Sys. v. Betts*, —— U.S. ——, 109 S.Ct. 2854, 106 L.Ed.2d 134 (1989).

The ADEA prohibits age-based discrimination with respect to an employee's compensation, terms, conditions or privileges of employment, including retirement benefits, on account of age. 29 U.S.C. § 623(a). The ADEA exempts from scrutiny a bona fide employee benefit plan, such as a retirement plan, even though the plan is age discriminatory, so long as it is not a "subterfuge to evade the purposes of the Act." 29 U.S.C. § 623(f)(2).

The Fresno County retirement plan was first created in 1947, and thus predates ADEA. However, it has since been modified legislatively by Fresno County in various respects. The modification challenged in this suit occurred in 1975, when the County, by resolution of the Board of Supervisors, adopted a new formula for computing service and disability retirement benefits.[1]

Robinson does not contest the validity of most of the Fresno County pension plan. This is because most of the provisions of the Fresno County plan, even if age discriminatory, could not be considered a "subterfuge" within the meaning of the Act, as they were placed into effect before the ADEA was enacted and applied to the states. *See United Air Lines, Inc. v. McMann*, 434 U.S. 192, 203, 98 S.Ct. 444, 450, 54 L.Ed.2d 402 (1977); *EEOC v. County of Orange*, 837 F.2d 420, 422 (9th Cir. 1988).

Robinson does challenge the 1975 change in formula, however, because under it he receives a lower benefit amount than other retirees who were younger at the time of hiring. *McMann* cannot insulate the 1975 change from challenge, because the change occurred after enactment and application to the states of the ADEA. *See Betts*, —— U.S. at ——, 109 S.Ct. at 2862. Under the formula, workers who retire at a later age are granted lesser benefits than workers with the same amount of service who retire at an earlier age.[2] It is this aspect of the

---

1. Fresno County amended its pension plan to adopt Cal.Gov.Code § 31676.12 and replace previously adopted Cal.Gov.Code § 31676, thereby changing the formula for computation of standard service retirement benefits. The County's adoption of section 31676.12 for standard retirement benefits automatically changed its formula for non-service-connected disability benefits from the formula given in Cal.Gov.Code § 31727 to a modified formula given in Cal.Gov. Code § 31727.1.

2. The section 31727 formula previously used by Fresno County would have provided, in Robinson's case, for benefits equal to "90 percent of one-sixtieth of his final compensation multi-

formula that Robinson objects to as age discriminatory. He claims the formula change is an age discriminatory "subterfuge" that puts the new retirement plan outside the ADEA's good faith exemption provision.

After his demand for increased benefits was denied, Robinson brought this suit against the County, claiming age discrimination in violation of the ADEA. After discovery, both sides moved for summary judgment. The district court granted summary judgment in favor of the County on the ground that as a bona fide preexisting pension plan the entire Fresno County plan was exempt from ADEA scrutiny. Robinson timely appeals, asking that we focus on the discriminatory effect of the formula change because the county adopted it after the ADEA became applicable. Robinson contends and the County concedes that there are no economic or cost considerations justifying the change in formula. Robinson argues for that reason that the modification must be regarded as a "subterfuge."

The United States Supreme Court has recently dealt with similar issues in considering the meaning and scope of the subterfuge exemption contained in 29 U.S.C. § 623(f)(2). *See Betts*, —— U.S. ——, 109 S.Ct. 2854. The Court had before it, as we have before us, a post-ADEA modification to a preexisting plan. The Court held that *McMann* did not insulate the modified provision from review. *Id.* at ——, 109 S.Ct. at 2862. The Court went on, however, to reject the position advocated by the EEOC, that a provision which has a discriminatory effect should be regarded as a "subterfuge" unless justified by increased costs or other economic considerations. The Court expressly rejected the provisions of 29 C.F.R. § 1625.10 (1988), in which the EEOC adopted such a definition. *Id.* at ——–

——, 109 S.Ct. at 2862–64. The Court reversed the Sixth Circuit's ruling in *Betts v. Hamilton County Bd. of Mental Retardation and Dev'l Disabilities*, 848 F.2d 692 (6th Cir.1988), and expressly disapproved the reasoning of cases from two circuits which required cost-based justification before exempting a plan from ADEA scrutiny, *EEOC v. Westinghouse Elec. Corp.*, 725 F.2d 211 (3d Cir.1983), *cert. denied*, 469 U.S. 820, 105 S.Ct. 92, 83 L.Ed.2d 38 (1984), and *EEOC v. Borden's, Inc.*, 724 F.2d 1390 (9th Cir.1984). *See Betts*, —— U.S. at ——, 109 S.Ct. at 2864. The Court's reasoning implicitly overrules the decisions of two other circuits, *Karlen v. City Colleges of Chicago*, 837 F.2d 314 (7th Cir.1988) and *Cipriano v. Board of Educ.*, 785 F.2d 51 (2d Cir.1986). *See Betts*, —— U.S. at —— n. 6, 109 S.Ct. at 2872 n. 6 (Marshall, J., dissenting).

*Betts* requires that "when an employee seeks to challenge a benefit plan provision as a subterfuge to evade the purposes of the [ADEA], the employee [must] bear[ ] the burden of proving that the discriminatory plan provision actually was intended to serve the purpose of discriminating in some nonfringe-benefit aspect of the employment relation." *Betts*, —— U.S. at ——, 109 S.Ct. at 2868. To prove that a modification to a benefits plan is a subterfuge, a plaintiff must show that the employer's intent in making the modification relates "to hiring and firing, wages and salaries, [or] other nonfringe-benefit terms and conditions of employment." *Id.* at ——, 109 S.Ct. at 2866. Examples supporting a successful claim of subterfuge would possibly include the reduction of an employee's benefits in retaliation for that employee bringing age discrimination complaints or litigation against the employer, or the reduction of all employees' salaries simultaneous with a

plied by the number of years of service which would be creditable to him were his service to continue until attainment by him of age 65...." The new formula in section 31727.1 provides for benefits to Robinson equal to "90 percent of one-fiftieth of his final compensation multiplied by the number of years of service which would be creditable to him were his service to continue until attainment by him of age 62...." The

change increased the multiplier from one-sixtieth to one-fiftieth, tending to increase all pension benefits. At the same time, however, the change reduced the statutory computation age from 65 to 62, reducing by three the number of statutory service years that are multiplied by the final compensation amount, which tends to decrease benefits.

substantial increase in benefits for younger workers at the expense of older workers. *Id.* at ——, 109 S.Ct. at 2868.

Robinson has not shown that the change in benefits formula demonstrates an intent to discriminate in any nonfringe-benefits area. Accordingly, he has not demonstrated that the Fresno County retirement plan is a "subterfuge" within the meaning of the statute. The exemption provision for bona fide benefit plans, 29 U.S.C. § 623(f)(2), therefore exempts the County's retirement plan from ADEA scrutiny.

The judgment of the district court is AFFIRMED.