Karen HINEK, Plaintiff-Appellant,

v.

BOWMAN PUBLIC SCHOOL DISTRICT
# 1, a public corporation,
Defendant-Appellee.

Civ. No. 9122.

Supreme Court of North Dakota.

July 11, 1975.

Rehearing Denied July 30, 1975.

Daniel J. Chapman, Bismarck, for plaintiff-appellant.

T. L. Secrest, Hettinger, for defendant-appellee.

Gerald W. Vande Walle, First Asst. Atty. Gen., Bismarck, amicus curiae.

PEDERSON, Judge.

### CASE SUMMARY

This is an appeal by the plaintiff, Karen Hinek, from a judgment on a motion for summary judgment granted by the district court of Bowman County on May 28, 1975, dismissing plaintiff's action for an injunction to restrain the defendant school district from denying Karen Hinek a teaching contract for the school year 1975–1976, and from seeking to find a replacement for the position held by Karen Hinek as a teacher in the Bowman school. After a hearing on an order to show cause, this court entered an order temporarily enjoining and restraining the school district from hiring a replacement and set the matter for oral argument on the merits for July 7, 1975.

The judgment is reversed and remanded for appropriate action by the trial court.

## FACTS

There is no material dispute as to the pertinent facts in this case. Karen Hinek has been a teacher at Bowman Elementary School for ten years. She is married to Neil Hinek, who was elected by the voters of Bowman Public School District No. 1 to a position on the school board in 1973.

In addition to Neil Hinek, the board members were Tarpo, Pladsen, Fischer and Stearns.

The official minutes of the school board meeting on March 4, 1975, contain the following item: "The Board then went into Executive Session for teacher evaluation."

The minutes of the March 18 meeting stated:

"Tarpo made the motion to contemplate a nonrenewal contract for Karen Hinek; Fischer seconded it. Voting were: Pladsen—aye; Tarpo—nay; Fischer—nay; Hinek—nay; and Stearns—aye. Motion carried. (sic)"

The following entry is found in the minutes of a board meeting held on April 9, 1975:

"It was moved by Tarpo and seconded by Hinek that Karen Hinek's contract be renewed. Voting were: Tarpo—aye; Fischer—aye; Hinek—aye; Pladsen—nay; and Stearns—nay. Motion defeated. The state law required that Karen Hinek's contract renewal be approved by ⅔ of the Board."

Nowhere in the record on this appeal do we find that the board considered any reason for nonrenewal of Karen Hinek's contract other than that it was expected that she would not receive the concurrence of two-thirds of the board as required by Section 15–29–08(10), N.D.C.C.

Thereafter, Karen Hinek brought this action and the school district moved for a summary judgment. After a hearing at which oral testimony was introduced, the trial court granted summary judgment for the school district.

## ISSUES

Karen Hinek sets forth the following issues in her appellant's brief:

### "I.

"Where a statute provides that no person who is related to a member of the school board 'shall be employed' by that board as a teacher, does such statute cover a situation where a teacher was in the employ of the school district when the relative was elected to the board?

### "II.

"Where, as in North Dakota, there exists a continuing contract law by which all contracts of teachers are renewed from year to year except where proper proceedings under fair dismissal are brought against the teacher, can a teacher be removed by a minority vote of the board and when no reasons relating to her teaching competence are given for her non-renewal?

### "III.

"Where, as between man and a woman, a statute operates unevenly upon the woman, such as in a situation where far greater numbers of men are on school boards and thus wives cannot be teachers in such school districts or will lose their employment on election of their spouse to the school board, does this constitute a violation of equal rights of women?

### "IV.

"Where, as in North Dakota, a woman is entitled to her separate property, can her husband deprive her of that property by seeking and obtaining election to the school board?"

## DECISION

### I and II

In order to answer the issues identified as numbers I and II by the appellant, the

historical background of § 15–29–08(10) of the 1973 Supplement to the North Dakota Century Code is pertinent. Subsection 10 now reads as follows:

"To contract with, employ, and pay all teachers in the schools and, for cause, to dismiss or suspend any teacher when the interests of the school may require it. Every teacher shall be required to hold a valid North Dakota teaching certificate issued by the superintendent of public instruction. No person who is related to any member of the board by blood or marriage shall be *employed* as a teacher without the concurrence of two-thirds of the board." [Emphasis added.]

Our research indicates that this subsection had its source in § 71 of Chapter 62, Session Laws of 1890, and, as enacted, stated:

"§ 71. *General Powers.*] The district school board shall have the general charge, direction and management of the schools of the district, and the care, custody and control of all the property belonging to it, subject to the provisions of this act."

This was codified as § 691 of the Revised Code of 1899 and later as § 819 of the Revised Code of 1905, which in turn was repealed by Chapter 266, S.L.1911, and replaced by § 67, Ch. 266, S.L.1911, which provided:

"§ 67. *General Powers.*] The district school board shall have the general charge, direction and management of the schools of the district, and the care, custody and control of all the property belonging to it, subject to the provisions of this chapter; provided that in the employment of teachers, no person related by blood or marriage to any member of the district board shall be *hired* without the unanimous consent of the board." [Emphasis added.]

When the Compiled Laws of 1913 were published, this provision became § 1173. No further legislative action was taken relative to this statute until the adoption of the North Dakota Revised Code of 1943 when the provision with which we are here concerned became subsection 8 of § 15–2908, and made a change of significance to this case as follows:

"To contract with, employ, and pay all teachers in the schools and to dismiss and remove for cause any teacher when the interests of the school may require it. Every teacher shall be required to hold a certificate to teach, issued by the superintendent of public instruction, and if any teacher holds only an elementary certificate, the board may impose such further requirements as the best interests of the several grades may require. No person who is related to any member of the board by blood or marriage shall be *employed* as a teacher without the concurrence of the entire board;" [Emphasis added.]

The question for us to answer is whether the word "employed" can be interpreted to mean "hired" in view of the change made in 1943. This change was accomplished in the Code revision. When the Code Revision Committee published its report, it included as a Reviser's Note to § 15–2908 "This section is based on the sections shown in the source note. No change is made in the meaning of any such provisions by the revision."

We must accordingly place such construction upon the word "employed" so that it will not conflict with the word "hired." This can be done by interpreting the word "employed" to mean "first employed."

For us to do otherwise would raise serious constitutional questions such as are discussed in the Utah case of *Backman v. Bateman,* 1 Utah 2d 153, 263 P.2d 561 (1953).

Although we would agree that, as a general rule, the word "employed" signifies both initial and continued employment, as used in § 15–29–08(10), N.D.C.C., we are obligated to interpret that word to mean "hired", which then limits us to initial employment only.

It was, therefore, an abuse of discretion for the trial court to grant the motion for a summary judgment. The judgment is reversed and the case is remanded with instructions to the district court to direct the school district to reconsider the action whereby it determined not to renew its contract with Karen Hinek. If it is redetermined at an open meeting of the school board that Karen Hinek should be sent a notice of contemplated nonrenewal, for reasons other than § 15–29–08(10), N.D.C.C., appropriate notice and hearing should be afforded her pursuant to § 15–47–38(5), N.D.C.C.

Because the dates specified for procedures under §§ 15–47–27 and 15–47–38(5), N.D.C.C., cannot now be met, the district court should specify reasonable dates in lieu thereof.

Until such proceedings have been carried out, the school district is enjoined from employing a replacement for Karen Hinek.

Because a public question is involved, neither party will be awarded costs on this appeal.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.