[Nos. G005928, G006203. Fourth Dist., Div. Three. Jan. 31, 1990.]

BOARD OF RETIREMENT OF THE ORANGE COUNTY EMPLOYEES RETIREMENT SYSTEM, Plaintiff and Respondent, v. S. E. LEWIS, as Auditor-controller, etc., et al., Defendants and Appellants.

**COUNSEL**

Adrian Kupyer, County Counsel, Laurence M. Watson, Assistant County Counsel, and Richard D. Oviedo, Deputy County Counsel, for Defendants and Appellants.

Duffern H. Helsing, Peter C. Freeman and George D. Straggas for Plaintiff and Respondent.

**OPINION**

**MOORE, J.**—This case involves two consolidated appeals by the Board of Supervisors of Orange County, and S. E. Lewis, the county's auditor-con-

troller (Auditor) arising from a mandamus action brought against them by the Board of Retirement of the Orange County Employees Retirement System (Board). In case number G005928, appellants challenge an order disqualifying county counsel from representing them and denying a motion to disqualify private counsel from representing Board in this proceeding. In case number G006203, Auditor alone appeals from a judgment granting a peremptory writ of mandate directing him to make increased employer and employee retirement fund contributions for certain members of the Orange County Employees Retirement System. The primary issue presented is whether an amendment to Government Code section 31558, eliminating the maximum age limit for an employee's entry into the retirement system as a safety member, required persons previously hired into county positions eligible for safety member status who exceeded the maximum age limit when commencing service be reclassified as safety members as of the amendment's effective date.

## FACTS

The Orange County Employees Retirement System is a public pension plan for county employees established pursuant to the County Employees Retirement Law of 1937 (CERL). (Gov. Code, § 31451.) Management of the retirement system is vested in respondent Board. (Gov. Code, § 31520.) The system is funded by contributions from both the county and employees covered by it. Appellant Auditor is obligated to ascertain the contribution owed by the county and each employee, transfer the county's contribution to the retirement fund, deduct the employee's contribution from his or her salary and transfer it to the county treasurer to be credited to the employee's individual account. (Gov. Code, §§ 31582, 31625, and 31625.1.)

Membership in the retirement system is divided into two classes: general members and safety members. (Gov. Code, §§ 31470, 31550 et seq.) The latter category includes persons employed in active law enforcement, active fire suppression, and juvenile hall group counseling and group supervision. (Gov. Code, § 31469.3.) The significance of this classification is that safety members have higher employer and employee contribution levels and enjoy greater benefits than general members. (Gov. Code, §§ 31581, 31582, 31620 et seq., 31639 et seq., 31662 et seq., 31670 et seq.)

Prior to January 1, 1987, Government Code section 31558 stated, in part: "All existing members of a pension system established pursuant to either Chapter 4 (commencing with Section 31900) or Chapter 5 (commencing with Section 32200) of this part and all employees eligible as safety members who at the time of entering service elected to become safety members, or who subsequently became members, shall become safety members and

thereafter each person not over 35 years of age when employed in a position, the principal duties of which consist of active law enforcement or active fire suppression or juvenile hall group counseling and group supervision, as defined in Sections 31469.3, 31469.4, 31470.2 and 31470.4, shall become a safety member on the first day of the calendar month following his entrance into the service. . . ." (See Stats. 1974, ch. 131, § 1, p. 266.)

Government Code section 31558's age restriction limited only an employee's right to be classified as a safety member under the retirement system if he or she was 36 or older when hired. It did not prohibit the county from employing persons over 35 in safety member positions. (56 Ops.Cal.Atty.Gen. 23, 24 (1973).) Prior to January 1, 1987, the County of Orange employed approximately 35 persons in safety member positions who were over 35 years of age when hired, and thus ineligible to be classified as safety members under the retirement system.

In 1986, the Legislature amended Government Code section 31558 by deleting the phrase "not over 35 years of age when" following "each person" in the first sentence. (Stats. 1986, ch. 840, § 1, p. 2867.) Chapter 840 also amended several other provisions of the CERL to eliminate similar age restrictions for a county employee's entry into safety member classification. (*Id.*, §§ 2-5, at pp. 2867-2869.) In addition, it modified sections establishing maximum age limits for safety member retirement making the limits applicable only in counties that elect to implement them. (*Id.*, §§ 6-12, at pp. 2689-2872.)

Section 13 of chapter 840 explained the purpose of these statutory changes: "The Legislature hereby finds and declares: that the federal courts have held that to the extent that there is conflict between the provisions of the County Employees Retirement Law of 1937 providing for mandatory retirement of safety members upon attaining specified ages and the federal Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 et seq.), the federal law prevails and that a Los Angeles County maximum age limit of 35 years for entry level employment in positions of deputy sheriff and fire department helicopter pilots violates that federal law; that the federal Equal Employment Opportunity Commission, acting pursuant to that federal law, is and has been initiating related proceedings against various counties; and that it is the intent of the Legislature in enacting this act to remove all such conflicts, similar conflicts, and related matters and, therefore, to eliminate the costs of counties in defending themselves in such proceedings, except for those counties which elect to retain mandatory retirement ages." (*Id.*, at p. 2872.)

In the latter part of 1986, Board requested an opinion from county counsel on the effect of chapter 840. County counsel issued an opinion

December 2 concluding, in part, the amendment to Government Code section 31558 applied to persons working in safety member positions prior to January 1, 1987, and these employees must be reclassified as safety members as of that date. However, on December 26, county counsel retracted the opinion, asserted the statute contained "ambiguities," and then requested an opinion from the California Attorney General on the proper interpretation of Government Code section 31558. County counsel also recommended Board delay taking any action on the subject until the Attorney General issued an opinion.

Board rejected county counsel's recommendation. On January 12, 1987, Board transferred to safety member status all employees working in safety member positions who had previously been excluded from this classification because they were over 35 when hired.

In response, Auditor sought advice from county counsel on how to proceed. County counsel recommended Auditor transfer the employer and employee contributions owed for general members for the employees in question, impound the difference between that amount and the amount that would be owed if these employees were reclassified as safety members, and deposit the impounded funds in an account earning the same rate of return as the transferred funds. Auditor followed this advice.

Board requested county counsel to undertake litigation to require Auditor to comply with its reclassification of employees. County counsel declined to take this action.

Thereafter, Board employed private counsel and filed this action. At Board's request, the lower court issued alternative writs of mandate: (1) directing Auditor to make employer and employee contributions complying with Board's reclassification of certain employees to safety member status from and after January 1, 1987; and (2) directing the board of supervisors to adopt a resolution making Government Code section 31529.5 applicable in Orange County. The board of supervisors demurred to the latter request.

Board also moved to disqualify county counsel from representing Auditor and the board of supervisors based on his previous representation of it in this matter. Appellants responded with a motion seeking to disqualify Board's attorney claiming it had no legal authority to retain private counsel.

At a hearing held in July 1987, the lower court sustained the demurrer without leave to amend, granted Board's motion to disqualify county counsel from representing Auditor and the board of supervisors in this proceeding, but denied appellants' request to recuse Board's attorney. Board has

not appealed the ruling on the demurrer. Appellants appealed the orders regarding the cross-motions to disqualify counsel. (No. G005928.) Subsequently, the parties executed a stipulation permitting county counsel to continue representing Auditor in this litigation.

A second hearing was held in November 1987 on the writ sought against Auditor. The lower court entered a judgment granting a peremptory writ of mandate directing Auditor to transfer the full amount of employer and employee contributions for all safety members of the retirement system including the previously impounded funds.

Auditor appealed the judgment. (No. G006203.) Thereafter, this court granted appellants' motion to consolidate the two appeals.

## DISCUSSION

### I

In their opening brief, appellants contend that due to the stipulation permitting county counsel to continue representing Auditor in this litigation, their appeal in case number G005928 is abandoned. ▮ Appellants did not comply with the requirements of California Rules of Court, rule 19, relating to the abandonment of appeals. Furthermore, where no argument or authority is presented on a particular point, an appellate court may treat the point as waived. (*Wilson* v. *Board of Retirement* (1957) 156 Cal.App.2d 195, 212-213 [319 P.2d 426]; *Utz* v. *Aureguy* (1952) 109 Cal.App.2d 803, 807 [241 P.2d 639].) Therefore, we summarily affirm the order relating to disqualification of counsel.

### II

The main issue presented in this appeal is whether Government Code section 31558, as amended, grants safety member status to county personnel working in safety member positions who commenced employment before January 1, 1987, and were over 35 years of age when hired.

Auditor presents several arguments in support of his contention Government Code section 31558 applies only to employees hired on or after January 1, 1987. First, the term "employed" appearing in Government Code section 31558 must be interpreted as meaning "hired", thereby excluding existing employees from its scope. Second, the lower court's interpretation of Government Code section 31558 gives it retroactive effect even though nothing in chapter 840 reflects the Legislature intended that result. Finally, the absence of a provision permitting both the affected employees and

county to elect whether or not to accept reclassification implies the 1986 amendment was not intended to apply to existing employees.

The principles of law governing judicial interpretation of statutes are well settled. ▪ The construction of a statute and its application to a particular case are questions of law to be determined by a court subject to independent review on appeal. (*Estate Madison* (1945) 26 Cal.2d 453, 456 [159 P.2d 630]; *Cerini* v. *City of Cloverdale* (1987) 191 Cal.App.3d 1471, 1476 [237 Cal.Rptr. 116].) In construing a statute the court should ascertain and give effect to the intention of the Legislature. (Code Civ. Proc., § 1859; *Neeley* v. *Board of Retirement* (1974) 36 Cal.App.3d 815, 822 [111 Cal.Rptr. 841].)

▪ Unless the meaning of the statute is apparent on its face, a court must give it an interpretation based upon the legislative intent with which it was passed. Where the Legislature expressly declares its intent, a court must accept the declaration. (*Tyrone* v. *Kelley* (1973) 9 Cal.3d 1, 10-11 [106 Cal.Rptr. 761, 507 P.2d 65]; see also *Hejmadi* v. *AMFAC, Inc.* (1988) 202 Cal.App.3d 525, 544 [249 Cal.Rptr. 5].) "Once a particular legislative intent has been ascertained, it must be given effect ' "even though it may not be consistent with the strict letter of the statute." ' [Citation.]" (*Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 259 [104 Cal.Rptr. 761, 502 P.2d 1049].)

▪ "Absurd or unjust results will never be ascribed to the legislature and it will not be presumed to have used inconsistent provisions as to the same subject in the immediate context. The courts will be astute to avoid such results [Citation]. In the interpretation of statutes courts are not bound by grammatical rules, and may ascertain the meaning of words by the context. . . . [¶] 'The mere literal construction of a section in a statute ought not to prevail if it is opposed to the intention of the legislature apparent by the statute; and if the words are sufficiently flexible to admit of some other construction it is to be adopted to effectuate that intention. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act.' " (*In re Haines* (1925) 195 Cal. 605, 613 [234 P. 883]; see also *Webster* v. *Superior Court* (1988) 46 Cal.3d 338, 344 [250 Cal.Rptr. 268, 758 P.2d 596]; *Planned Parenthood Affiliates* v. *Van de Kamp* (1986) 181 Cal.App.3d 245, 273 [226 Cal.Rptr. 361].)

▪ Where it will accomplish the Legislature's intent, pension laws are liberally construed in favor of the employees covered by them to carry out their beneficent policy. (*Barrett* v. *Stanislaus County Employees Retirement Assn.* (1987) 189 Cal.App.3d 1593, 1603 [234 Cal.Rptr. 900]; *Thurston* v. *County of Los Angeles* (1953) 117 Cal.App.2d 618, 622 [256 P.2d 588]; *Neeley* v. *Board of Retirement, supra,* 36 Cal.App.3d at p. 822.)

The persons covered by Government Code section 31558 are divided into three categories. First, the section applies to "existing members of" the Peace Officers' Retirement Law (Gov. Code, § 31900 et seq.) and Fire Service Retirement Law (Gov. Code, § 32200 et seq.). Nothing in the record supports a finding the reclassified employees are covered by these retirement laws.

The second group consists of "all employees eligible as safety members who at the time of entering service elected to become safety members, or who subsequently became members." The terms "employees" and "members" are defined elsewhere in the CERL. (See Gov. Code, §§ 31469 and 31470.) It appears this category applies to persons employed by districts or other public agencies that subsequently join a county employee retirement system. Board does not contend the reclassified employees hired before January 1, 1987, and who were over 35 when entering county service fall in the second category.

The last group covers "each person employed in a position, the principal duties of which consist of active law enforcement or active fire suppression or juvenile hall group counseling and group supervision." Auditor argues this category only applies to new hirees, noting the phrase is prefaced by the word "thereafter" and is followed by the phrase "shall become a safety member on the first day of the calendar month following his or her entrance into the service." Initially, this interpretation appears to have merit. But it would reach an absurd result. Auditor's construction would create a class of employees holding safety member jobs who are permanently barred from being classified as safety members solely because they were over 35 when hired and entered county service before chapter 840's effective date. Persons in the same positions who were under 35 when hired or were hired after January 1, 1987, regardless of their age, would be eligible for safety member classification.

■ We believe Board's construction of the statute is reasonable and accomplishes the Legislature's stated purpose in amending Government Code section 31558. Chapter 840 deleted the phrase "not over 35 years of age *when*" from section 31558's first sentence. This phrase appeared just before the word "employed." Thus, the amendment did more than merely eliminate the age-35 entry level restriction.

The term "when" has been generally interpreted to mean "after" or "following." (*People* v. *Perez* (1968) 259 Cal.App.2d 371, 381 [66 Cal.Rptr. 473]; *People* v. *Hale* (1957) 156 Cal.App.2d 478, 481 [319 P.2d 660].) Furthermore, the term "employed" can apply to both initial and continued employment. (See *Eureka Teacher's Assn.* v. *Board of Education* (1988) 202

Cal.App.3d 469, 473; *Hinek* v. *Bowman Pub. Sch. Dist. No. 1* (N.D. 1975) 232 N.W.2d 72, 74.)

Prior to the 1986 amendment, the portion of Government Code section 31558 in issue had been interpreted as applying to "new members in the retirement system." (56 Ops.Cal.Atty.Gen. 23, 24 (1973).) But the amendment deleted both the age restriction and the term "when." Had the Legislature intended section 31558 to still apply to only new hirees, it would not have been necessary to eliminate the latter word.

■ The Legislature's stated purpose in amending Government Code section 31558 and other provisions of the CERL was to eliminate any potential "conflicts" between CERL and federal age discrimination laws, "similar conflicts, and related matters." (Stats. 1986, ch. 840, § 13, p. 2872.) By construing section 31558 to apply to both existing and new employees, this intent can be effectuated.

We recognize the United States Circuit Court of Appeals upheld Orange County's age-35 restriction on safety membership classification under the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.). (See *E.E.O.C.* v. *Orange County* (9th Cir. 1988) 837 F.2d 420, 421-422.) Furthermore, we note the Attorney General rendered an opinion concluding this age restriction was constitutionally valid. (62 Ops.Cal.Atty.Gen. 106, 107 (1979).) But Auditor's proposed interpretation of Government Code section 31558, as amended by chapter 840, would place its constitutional validity in serious doubt. We can think of no legitimate governmental purpose that would be served by excluding persons employed in safety member positions from receiving the pension benefits available for their work solely because they were over 35 when hired and entered county service before January 1, 1987.

Auditor's claim the lower court's interpretation of Government Code section 31558 makes it retroactive is also without merit. ■ "A statute does not operate retroactively merely because some of the facts or conditions upon which its application depends came into existence before the enactment." (*Coast Bank* v. *Holmes* (1971) 19 Cal.App.3d 581, 593 [97 Cal.Rptr. 30].) ■ Here, section 31558 was applied to reclassify existing employees as safety members only as of January 1, 1987. While it is true these employees may be eligible for retroactive reclassification by making additional contributions into the system (see, e.g., Gov. Code, § 31639.7), this prospect is created by other statutory provisions, not Government Code section 31558.

■ Finally, Auditor's claim the lack of an option for employees and the county to decline reclassification implies no change in effect was intended is both unsupported by the record and contrary to the other

changes made by chapter 840. Auditor cites no authority for the "general practice" asserted by him. While other provisions of the CERL require adoption by a county's board of supervisors, that does not appear to have ever been the case with Government Code section 31558. Chapter 840 does grant counties the option of electing to maintain mandatory retirement age restrictions. But the same is not true with respect to entry level age restrictions that previously existed in section 31558 and other provisions of the CERL.

Therefore, we conclude the lower court properly construed Government Code section 31558 to apply to existing as well as new employees.[1]

## DISPOSITION

The appeals from the order relating to disqualification of counsel and the judgment are affirmed. Board's request for sanctions on appeal is denied. In the interests of justice, the parties are to bear their own costs on appeal.

Sonenshine, Acting P. J., and Crosby, J., concurred.

---

[1] Board contends the appeals are frivolous and requests an award of sanctions. (Code Civ. Proc., § 907; *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].) We conclude the requirements of *Flaherty* have not been met. Accordingly, the sanctions request is denied.